**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION**

| | |
|---|---|
| **STEPHANIE MONTGOMERY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:18-CV-137 |
| | ) |
| **WENDY WILLIAMS F.N.P. LLC d/b/a HOPE FAMILY PRACTICE and WENDY WILLIAMS,** | ) ) ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Stephanie Montgomery ("Montgomery"), brings claims against Defendants, Wendy Williams F.N.P. LLC d/b/a Hope Family Practice and Wendy Williams ("Defendants"), as follows:

## OVERVIEW

1. This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA"), I.C. §22-2-5 et. seq., The Indiana Wage Claim Statute ("IWPS"), I.C. §22-2-9 et. seq. and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IWL"). Defendants violated the FLSA by failing to pay Montgomery the minimum wage required by federal law. Defendant further violated the Indiana Wage Payment Statute by failing to timely pay Montgomery her earned wages in accordance with Indiana law. Montgomery pleads violations of the Indiana Minimum Wage Law of 1965 in the alternative.

## PARTIES

2. Montgomery is an individual who, at all relevant times, resided in the Southern District of Indiana. She was employed by Defendant within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Montgomery was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1). Moreover, Montgomery was an employee as defined by I.C. §22-2-2-3.

3. Hope Family Practice, is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r). Alternatively, Montgomery's work regularly involved commerce between states, including providing health care for residents of the state of Illinois. Moreover, Defendant is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint. Defendant's business is located in Gibson County.

4. Williams is the owner, member and/or officer of Hope Family Practice. In this capacity, Williams is involved in the day-to-day operations of the practice. Williams has the authority to make decisions regarding wage and hour issues. At all relevant times, Williams had responsibility to act on behalf of, and in the interest of, Hope Family Practice in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Montgomery. As a result, White is an "employer" within the meaning of 29 U.S.C. § 203(d).

5. Hope Family Practice has been an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce and has an annual gross volume of sales made or business done of not less than $500,000

## JURISDICTION

6. This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b).  The Court has supplemental jurisdiction over Montgomery's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

6. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## FACTS

7. Montgomery was hired by Defendant in or about April 2017.

8. Montgomery was hired to perform duties as the Officer Manager.

9. Montgomery's agreed upon salary was $800 per week.  Notwithstanding this undisputed agreement,

10. Montgomery was separated from employment with Defendants on April 28, 2018.  She filed a Wage Claim with the Indiana Department of Labor and was given a referral to bring this suit.  A true and accurate copy of the letter she received from the DOL is attached hereto as Exhibit A.

11. Defendants failed to pay Montgomery all wages she is owed under the FLSA, the IWS, or the IMWL.  Presently, Defendants owed Montgomery for two hundred sixty-five (265) hours of work.

12. Defendants have, at various times, written checks to Montgomery and then stopped payment after drafting the checks.

13. Montgomery has suffered financial harm as a result of Defendants' conduct.

## LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

14. Montgomery incorporates paragraphs 1 – 13 herein.

15. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the minimum wage requirements of the FLSA.

16. Montgomery was not paid any wages for 265 hours she worked.

17. Montgomery was harmed by Defendants' unlawful willful and/or reckless conduct.

### COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE INDIANA WAGE PAYMENT

18. Montgomery incorporates paragraphs 1 – 17 herein.

19. During the relevant time period, Defendants violated the provisions of Indiana Code §§22-2-5 et. seq. by failing to timely pay Montgomery's earned wages. Montgomery is owed $20 per hour for the 265 hours she worked but for which she was not paid.

20. Montgomery has been harmed by Defendants' conduct, and Defendants do not have a good faith or reasonable basis to have not paid Montgomery all the wages she earned in a timely manner as prescribed by the Indiana Wage Payment Statute.

### COUNT III: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965

21. Montgomery incorporates paragraphs 1 – 20 herein.

22. Montgomery pleads his Indiana minimum wage and overtime claims in the alternative.

23. At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing and refusing to pay Montgomery at least minimum wage for all of her work hours.

24. Defendants' conduct is willful, reckless, or indifferent to Montgomery's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in her favor and award her the following relief:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b. An order awarding Plaintiff unpaid wages and any applicable penalties under Indiana law;

c. An Order awarding Plaintiff the costs of this action;

d. An Order awarding Plaintiff her attorney's fees;

e. A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA and Indiana law by failing to comply with the minimum wage requirements of the FLSA and Indiana law; and

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700

Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff